PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISHA BYARS, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>ZALE DELAWARE, INC., a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 5:22-cv-01456-SB-SP<br>The Hon. Stanley Blumenfeld, Jr.<br><br>**NOTICE OF MOTION AND MOTION TO RECONSIDER THE COURT'S ORDER GRANTING MOTION TO DISMISS, FILED AT DKT. NO. 41, AND THE FINAL JUDGMENT ENTERED BASED THEREON, FILED AT DKT. NO. 42 PURSUANT TO L.R. 7-18**<br><br>[Declaration of Scott J. Ferrell filed concurrently herewith]<br><br>Date:  June 16, 2023<br>Time:  8:30 a.m.<br>Ctrm:  6C<br><br>Complaint Filed: August 18, 2022<br>Trial Date: None Set |

**TO THIS HONORABLE COURT, DEFENDANT AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on June 16, 2023, at 8:30 a.m. or as soon thereafter as counsel may be heard in Courtroom 6C of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Arisha Byars will and hereby does move this Court, pursuant to Local Rule 7-18, to reconsider the Court's Order Granting Motion to Dismiss, filed at Dkt. No. 41, and the Final Judgment entered based thereon, filed at Dkt. No. 42.

This motion is based on the instant notice, the accompanying Memorandum of Points and Authorities, the complete court file, including the records and pleadings on file in this matter, and any other oral or documentary evidence that may be presented to the Court at the time of the hearing.

Dated: April 20, 2023

PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Arisha Byars ("Plaintiff") respectfully requests that the Court reconsider its order granting Defendant Zale Delaware, Inc.'s ("Defendant") Motion to Dismiss with prejudice and without leave to amend, and its judgement entered in Defendant's favor based thereon, pursuant to Local Rule 7-18. (Dkt. Nos. 41, 42). A motion for reconsideration is proper for several reasons as further set forth herein; namely that the Court failed to consider material facts presented to the Court before the Order was entered, and instead extrapolated *incorrect* material facts from improperly submitted and considered extrinsic evidence. These incorrect assumptions of fact laid the foundation for an incorrect and improper record, and led to the misapplication of the law.

## II. FACTUAL BACKGROUND

Plaintiff filed this action on August 18, 2022, asserting one cause of action arising under section 631(a) of the California Invasion of Privacy Act, Cal. Penal Code § 630, *et seq.* ("CIPA"). (Dkt. No. 1). On January 20, 2023, Plaintiff filed her First Amended Complaint asserting two causes of action arising under sections 631(a) and 632.7 of CIPA. (Dkt. No. 20).

At the January 27, 2023, Mandatory Scheduling Conference the Court ordered the Parties, "no later than January 30, 2023, to exchange their evidence related to whether Plaintiff accessed Defendant's website." (Dkt. No. 24). On January 30, 2023, Plaintiff complied with the Court's order and provided to counsel for Defendant the sworn Declaration of Arisha Byars wherein she indicated:

- "On or about July 26, 2022 in the early afternoon I visited the https://www.banter.com/ website. Through the https://www.banter.com/contact-banter page, I engaged with the website's chat feature to learn more about one of their products."

- "I asked a few questions of the automatic customer service representative

    who then transferred me to someone who identified themselves as "Evonne"."

- "I was not advised that the chat communication would be recorded, stored or monitored."

(Ferrell Decl., Ex. A ["Byars Decl."]).

  On February 3rd, Defendant filed its Motion to Dismiss. (Dkt. No. 28). On February 17th, Plaintiff filed her Opposition thereto. (Dkt. No. 33). On February 24th, Defendant filed its Reply. (Dkt. No. 34). On April 5th, the Court granted Defendant's Motion to Dismiss without oral argument, without leave to amend, and similarly entered judgement in Defendant's favor. (Dkt. Nos. 41, 42). The Court's order on Defendant's Motion to Dismiss contained an erroneous and unsupported implication that Plaintiff failed to comply with the Court's January 27th order (Dkt. No. 41 at n. 2)[1], along with several other material differences of law and fact that could not have been known to Plaintiff at the time of the Court's Order, as addressed herein.

## III. ARGUMENT

  "A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original

---

[1] At the January 27, 2023, Scheduling Conference, Plaintiff's counsel inquired whether the declarations ordered to be exchanged should be filed. The Court responded that they should not, and based thereon, Plaintiff's Declaration was not filed with her Opposition to Defendant's Motion to Dismiss. (Dkt. No. 44 at 13:24-14:16) ("Ms. Knowles: You indicated the exchange of a declaration on Monday. Was Your Honor contemplating a declaration from my client, exchange between the parties, or a filed declaration for Your honor?" "The Court: A declaration for purposes of submitting it solely to opposing counsel….") (*Id.* at 13:24-14:5) (emphasis added).

motion. Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." L.R. 7-18. Whether to grant a motion for reconsideration under Local Rule 7–18 is a matter within the court's discretion. *Daghlian v. DeVry U., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

### A. The Court's Reliance Upon Erroneous "Facts" In Its Order Was a Manifest Failure to Consider Material Facts and Could Not Have Been Known to Plaintiff at the Time the Order Was Entered.

In its order granting Defendant's Motion to Dismiss, the Court opened by incorrectly stating, Plaintiff "has filed at least 100 similar lawsuits asserting online privacy violations…." (Dkt. No. 41 at 1). Plaintiff has *not* filed at least 100 similar lawsuits. Instead, she has filed ***seven*** other lawsuits based upon consumer-driven business's violations of CIPA.[2] Based upon that inaccurate understanding and manifest failure to consider true facts, the Court goes on to explicitly make several adverse standing determinations and improper credibility inferences against Plaintiff. (Dkt. No. 41 at n. 4) ("[T]he undisputed fact that she filed numerous similar lawsuits before visiting Defendant's website casts doubt on any suggestion that she was surprised by surreptitious recording of her information."); ("To the contrary, it appears—and Plaintiff does not dispute—that Plaintiff visited Defendant's website looking for chat features that would track her conversations so that she could allege statutory violations.") (*Id.* at 5-6).

---

[2] *Byars v. Casper Sleep Inc.*, San Bernardino Superior Court Case No. CIVSB2215902 (filed Jul. 22, 2022) (removed Oct. 12, 2022, C.D. Cal. Case No. 5:22-cv-1801); *Byars v. Whirlpool Corp.*, San Bernardino Superior Court Case No. CIVSB2215944 (filed Jul. 25, 2022) (removed Nov. 16, 2022, C.D. Cal. Case No. 5:22-cv-02030); *Byars v. Macy's, Inc.*, San Bernardino Superior Court Case No. CIVSB2217010 (filed Aug. 5, 2022) (removed Mar. 16, 2023, C.D. Cal. Case No. 5:23-cv-00456); *Byars v. The Goodyear Tire and Rubber Co.*, C.D. Cal. Case No. 5:22-cv-01358 (filed Aug. 1, 2022); *Byars v. Action Village, Inc.*, San Bernadino Superior Court Case No. CIVSB2224156 (filed Oct. 17, 2022); *Byars v. Rite Aid Corp.*, C.D. Cal. Case No. 5:22-cv-1377 (filed Aug. 4, 2022); *Byars v. Hot Topic Inc.*, C.D. Cal. Case No. 5:22-cv-1652 (filed Sept. 20, 2022); *see also* Dkt. No. 28 at 1:7-12.

The Court's reliance on this incorrect "fact" led it to not only make incorrect credibility assumptions against Plaintiff, but it likewise misapplied the law related to "tester" standing as addressed by U.S. Supreme Court and Ninth Circuit precedent. *Langer v. Kiser*, 57 F.4th 1085, 1094 (9th Cir. 2023) ("Langer is one such serial litigant, having filed nearly 2,000 ADA lawsuits in federal and state courts. This fact has no place in our standing analysis.") (citing *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust ("CREEC")*, 867 F.3d 1093 (9th Cir. 2017)); *Langer*, 57 F.4th at 1099 ("Today we make clear that **district courts cannot use the doctrine of standing to keep meritorious ADA cases out of federal courts simply because they are brought by serial litigants. Nor can district courts use improper adverse credibility determinations to circumvent our holding in *CREEC* allowing tester standing** for ADA plaintiffs.") (emphasis added).

Specifically, just like the Fair Housing Act ("FHA") as addressed by the Supreme Court in *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), and the Americans with Disabilities Act of 1990 ("ADA") as addressed by the Ninth Circuit in *Langer*, CIPA similarly has the same "any person" language establishing Plaintiff's proper standing as a "tester." Cal. Penal Code § 637.2(b). *Langer v. Kiser*, 57 F.4th 1085, 1093–94 (9th Cir. 2023) ("This congressional intention cannot be overlooked in determining whether testers have standing to sue. As we have previously recognized, "[t]he actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing....'" *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982) (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). Just like in *Havens*, which "recognized tester standing under the Fair Housing Act, we noted that Congress used the same "any person" language in Title III of the ADA as it did in the Fair Housing Act. *Id.* at 1101–02. This broad language, allowing "any person" to bring a claim under Title III of the ADA, indicated to us that Title III did not contain a "bona fide" customer requirement for standing. *Id.*; *see also* 42 U.S.C. § 12188(a)(1).").

As such, the Court's reliance upon an incorrect material fact, which led to an incorrect interpretation of the law, supports the Court's reconsideration of its April 5th order granting Defendant's Motion to Dismiss. (Dkt. No. 41).

**B.     The Court Made Erroneous Factual Inferences Based Upon the Limric Declaration that Could Not Have Been Known to Plaintiff at the Time the Order Was Entered.**

The Court's order granting Defendant's Motion to Dismiss made the factually incorrect assertion that, "There is no evidence that Plaintiff engaged in any communication with Defendant's chat feature…." (Dkt. No. 41 at 4). Aside from the fact that Defendant *admits* that Plaintiff contends she chatted with a representative on the chat feature named, "Evonne" and Defendant *admits* that a representative named Evonne was engaged with the chat feature on the date Plaintiff provided to Defendant on January 30th pursuant to this Court's January 27th order (Dkt. 28-1 at ¶¶ 4, 7), the Court in essence *created* facts that were not presented by either party to conclude "There is no evidence that Plaintiff engaged in any communication with Defendant's chat feature…." (Dkt. No. 41 at 4).

Not only is there evidence to conclude Plaintiff engaged in a communication with Defendant's chat feature – that evidence is overwhelming and largely undisputed: Defendant's confirmation that "Evonne", as identified by Plaintiff, was indeed engaged with the chat feature on the date provided to Defendant. (Dkt. 28-1 at ¶¶ 4, 7). Moreover, the Limric Declaration did not say that Plaintiff did not visit Defendant's Website or engage with its chat feature. Instead, it confirmed that Plaintiff's identification of Defendant's client representative by name, "Evonne", was correct. (Dkt. 28-1 at ¶¶ 4, 7). Also, noticeably absent from the Limric declaration is the fact that ***Defendant's chat function does not solicit, request, or require the person using the chat to provide their name and/or email or any other identifying information***. (Ferrell Decl., Ex. B). Thus, the Court's partial premise for granting Defendant's motion because "no chats exist containing Plaintiff's name or email address" and the

negative inference drawn therefrom that "there is no evidence that Plaintiff engaged in any communication with Defendant's chat feature…" was factually erroneous. (Dkt. No. 41 at 4).

Simply put, Plaintiff chatted with Defendant and an adverse conclusion to the contrary is unsupportable.

### C. The Court Relied Upon a Material Difference in Fact Related to "Facial" vs. "Factual" Challenges Under Rule 12(b)(1) that Could Not Have Been Known to Plaintiff at the Time the Order Was Entered.

In its Order, the Court improperly read into Defendant's Motion to Dismiss a "factual" challenge under Rule 12(b)(1) that was not presented by Defendant. (Dkt. No. 41 at 3). As acknowledged by the Court, "To contest a plaintiff's showing of subject matter jurisdiction, a defendant may file two types of Rule 12(b)(1) motions: a facial attack, which challenges jurisdiction "facially," by arguing that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction, or a "factual" attack, which presents extrinsic evidence (affidavits, etc.) disputing the truth of the allegations of the complaint that would otherwise invoke federal jurisdiction." *Dalfio v. Orlansky-Wax, LLC*, 21-56339, 2022 WL 3083323, at *1 (9th Cir. Aug. 3, 2022) (referencing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) and *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). **As with Rule 12(b)(6), where a defendant brings a *facial* attack on the subject matter jurisdiction under Rule 12(b)(1), courts "assume [plaintiff's] [factual] allegations to be true and draw all reasonable inferences in his favor**." *Wolfe*, 392 F.3d at 362 (emphasis added); *see also Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (explaining that a facial challenge under Rule 12(b)(1) "confin[es] the inquiry to allegations in the complaint"); *Ctr. for Biological Diversity v. Bernhardt*, No. 19-cv-05206-JST, 2020 WL 4188091, at *5 n.4 (N.D. Cal. May 18, 2020) (declining to review plaintiffs' declarations when defendants raised

facial challenge); *Animal Legal Def. Fund v. Bernhardt*, No. 19-cv-06812-JST, 2020 WL 6802838, at *4 (N.D. Cal. May 18, 2020) (same).

Here, while Defendant did *acknowledge* these two types of challenges under 12(b)(1), it did not specifically state for the Court that its Motion to Dismiss was a "factual" attack. (Dkt. No. 28 at 5:22-6:7). The extrinsic evidence offered by the Limric declaration *should not* have been considered by the Court and interpreted as a "factual" challenge because **nothing in the Limric declaration contradicts the factual allegations set forth by Plaintiff in her Complaint**.

For example, the Limric declaration largely just indicated that it did not have record of any chats with Plaintiff's name or email included. (Dkt. No. 28-1). It did *not* indicate that a name and/or email was required for use of the chat function. It did *not* indicate that Plaintiff could not possibly have been one of the 18 other chats received through the chat feature and routed to "Evonne" on the date identified by Plaintiff. (*Id.*) Thus, while the Limric declaration may *imply* that it has no record of Plaintiff simply because no name or email for her were located, it nonetheless does not indicate or present definitive evidence the Plaintiff did not engage with the chat feature.

The Court should have based its ruling solely on the allegations of the Complaint because Defendant's extrinsic evidence "does not controvert the material allegations of the complaint." *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) (holding that a district court "is not invariably required to consider [extrinsic] evidence" in deciding a Rule 12(b)(1) motion challenging subject matter jurisdiction). Because Defendant's extrinsic evidence did not controvert any material allegation in the Complaint, Defendant effectively made a facial challenge to standing. As such, the Court should have accepted as true all material facts alleged in the Complaint and drawn all reasonable inferences in Plaintiff's favor. *See Cortlandt St. Recovery Corp. v. Hellas Telecomm., S.à.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015). The Court's failure to do so was based on a materially erroneous extrapolation from "facts" that were not actually presented by Defendant's extrinsic evidence.

### D. The Court Relied Upon a Material Difference in Law that Could Not Have Been Known to Plaintiff at the Time the Order Was Entered.

The Court granted Defendant's Motion to Dismiss, in part, based upon the legally incorrect premise that only the disclosure of "sensitive" or "private" information could constitute an injury in fact sufficient to confer standing. (Dkt. No. 41 at 5). On this point, the Court erred in its "facial" challenge analysis because the Court erroneously assumed that sections 631(a) and 632.7 of CIPA apply only to confidential communications. The court determined "Plaintiff does not allege that she disclosed any sensitive information to Defendant, much less identify any specific personal information she disclosed that implicates a protectable privacy interest." (Dkt. No. 41 at 5). This determination is based upon an incorrect interpretation of the law, materially different to what was presented to the Court by Plaintiff.

In her Opposition, Plaintiff specifically cited for the Court the fact that sections 631 and 632.7 *do not have a confidentiality requirement*: "Notably, sections 631 and 632.7 do not impose any confidentiality requirement. *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *3 n.3 (N.D. Cal. Oct. 23, 2019) (citing *People v. Guzman*, 11 Cal. App. 5th 184, 192 n.7 (2017)); *Flanagan v. Flanagan*, 27 Cal.4th 766, 771 n.2 (2002)." (Dkt. No. 33 at 2:5-8).

Thus, the Court's injury in fact analysis was premised upon a material difference in the law and therefore the conclusions that came therefrom, were erroneous. Indeed, as specifically acknowledged in many cases, "Section 637.2 provides for a civil cause of action and statutory damages for "[a]ny person who has been injured by a violation of this chapter." Cal. Penal Code § 637.2(a). California courts hold that the right to statutory damages accrues at the moment of the CIPA violation, ***without proof of any actual injury***." *Pepper v. Charitable Resource Found., Inc.*, 2:14-CV-02573-SVW-FFM, 2014 WL 12961327, at *6 (C.D. Cal. Oct. 14, 2014) (citing *Ribas v. Clark*, 38 Cal. 3d 355, 365 (1985); *Lieberman v. KCOP Television, Inc.*, 1 Cal. Rptr. 3d 536, 543 (Cal. Ct. App. 2003) ("[A]n actionable violation of section 632 occurs the moment the

surreptitious recording is made[.]"); *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1117 (9th Cir. 2020) (holding statutory violation of CIPA would satisfy the concrete injury requirement for Article III standing); *Ades v. Omni Hotels Mgt. Corp.*, 46 F. Supp. 3d 999, 1018 (C.D. Cal. 2014) ("… in light of the California legislature's decision to create statutory damages for each violation of CIPA, no separate showing of injury aside from a violation of the privacy rights protected by CIPA is required.") (referencing *In re Google Inc. Gmail Litig.,* No. 13–MD–02430–LHK, 2013 WL 5423918, at *17–18, 2013 U.S. Dist. LEXIS 172784, at *65–67 (N.D.Cal. Sep. 26, 2013) (rejecting an argument that section 632.7 requires independent injury aside from an invasion of statutory CIPA rights)); *Friddle v. Epstein,* 16 Cal.App.4th 1649, 1661 (1993) (holding that the right to recover statutory damages "accrue[s] at the moment the Privacy Act was violated"); *Matera v. Google Inc.*, 15-CV-04062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016) ("a plaintiff may plead injury in fact by alleging the violation of a statute without alleging 'any *additional* harm beyond the one Congress has identified.'") (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016), *as revised* (May 24, 2016) (emphasis in original)); *see id.*, at *11 ("Plaintiff asserts that Google intercepted, scanned, and analyzed Plaintiff's communications in violation of the Wiretap Act and CIPA. As recognized by the Third Circuit and other courts, and as seen in the common law invasion of privacy tort, such unauthorized interception of communications may give rise to a legally cognizable injury.").

### E. Failure to Grant Leave to Amend Was an Abuse of Discretion.

An abuse of discretion occurs when a court "misapprehend[s] the law with respect to the underlying issues in the litigation," or "rests its conclusions on clearly erroneous findings of fact." *Chalk v. United States Dist. Court,* 840 F.2d 701, 704 (9th Cir.1988); *see also Screen Capital Int'l Corp. v. Library Asset Acquisition Co.,* 510 B.R. 248, 254 (C.D. Cal. 2014). While it is true that where amendment would be futile, leave to amend should not be granted, the Court was presented with facts indicating granting leave to amend would not be futile. *See Bonin v. Calderon,* 59 F.3d 815, 845 (9th

Cir.1995); *Nunes v. Ashcroft*, 375 F. 3d 805, 808 (9th Cir. 2004) ("We have held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (citation omitted)).

If the court had properly granted leave to amend, Plaintiff could have readily addressed the facts the Court perceived as deficits to standing, specifically more detail related to her interaction with the chat feature on Defendant's website as presented to Defendant pursuant to the Court's January 27th Order. (Dkt. No. 24).

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court reconsider its order granting Defendant's Motion to Dismiss without leave to amend and its entry of judgment in Defendant's favor based thereon. (Dkt. Nos. 41, 42).

Dated: April 20, 2023

PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff

## CERTIFICATION OF MEET AND CONFER

I certify that the parties met by videoconference on April 12, 2023, and thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

Dated: April 20, 2023

PACIFIC TRIAL ATTORNEYS, APC

By: /s/ Scott J. Ferrell
Scott. J. Ferrell
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2023, I electronically filed the foregoing **NOTICE OF MOTION AND MOTION TO RECONSIDER THE COURT'S ORDER GRANTING MOTION TO DISMISS, FILED AT DKT. NO. 41, AND THE FINAL JUDGMENT ENTERED BASED THEREON, FILED AT DKT. NO. 42** with the Clerk of the Court using the CM /ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                        */s/Scott J. Ferrell*
                                           Scott J. Ferrell