UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISHA BYARS,<br><br>    Plaintiff,<br><br>v.<br><br>STERLING JEWELERS, INC., et al.,<br><br>    Defendants. | Case No. 5:22-cv-01456-SB-SP<br><br>ORDER DENYING MOTION TO RECONSIDER [DKT. NO. 46] |

    In this putative class action, Plaintiff Arisha Byars alleged that Defendant Zale Delaware, Inc. (Zale) violated the California Invasion of Privacy Act (CIPA) by recording communications of Plaintiff and other customers through the sales chat feature on Defendant's website. Dkt. No. 20 (1st Am. Compl.).[1] On April 5, 2023, the Court granted Zale's motion to dismiss, finding that Plaintiff lacked Article III standing because she had neither rebutted Zale's evidence suggesting that she had not visited the website nor identified any personal or sensitive information she disclosed on the website. Dkt. No. 41. The next day, final judgment was entered, dismissing Plaintiff's claims against Zale without prejudice for lack of subject matter jurisdiction. Dkt. No. 42. Plaintiff now timely moves for reconsideration of the dismissal and final judgment. Dkt. No. 46. The Court finds this matter suitable for decision without oral argument and vacates the May 19, 2023 motion hearing. Fed. R. Civ. P. 78; L.R. 7-15.

I.

    Plaintiff's motion invokes only Local Rule 7-18, which permits motions for reconsideration on three grounds: (1) "a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was

---

[1] The original complaint erroneously named Defendant Sterling Jewelers, Inc. as the owner of the website. Dkt. No. 1.

1

entered," (2) "the emergence of new material facts or a change of law occurring after the Order was entered," or (3) "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." However, a post-judgment motion for reconsideration filed within 28 days of entry of judgment is properly construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *Rishor v. Ferguson*, 822 F.3d 482, 489 (9th Cir. 2016).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Amending a judgment after its entry under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application). Accordingly, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

II.

A.

Plaintiff raises several distinct arguments for reconsideration. First, she argues that the Court relied on an erroneous fact when it described Plaintiff as "a tester who has filed at least 100 similar lawsuits asserting online privacy violations." Dkt. No. 41 at 1. Plaintiff is correct that the Court made a factual misstatement: it is Plaintiff's *counsel* who has filed more than 100 similar lawsuits; Plaintiff, as clarified in her motion, has only filed seven other actions alleging similar violations of CIPA. But the error is immaterial. Plaintiff suggests that the Court improperly relied on this finding to make adverse credibility determinations and to misapply the law related to tester standing. The Court did neither. In the sole footnote Plaintiff cites, the Court observed that "the undisputed fact that [Plaintiff] filed numerous similar lawsuits before visiting Defendant's

website casts doubt on any suggestion that she was surprised by surreptitious recording of her information" and that "it appears—and Plaintiff does not dispute—that Plaintiff visited Defendant's website looking for chat features that would track her conversations so that she could allege statutory violations." *Id*. at 5 n.4.  These conclusions are not altered by the fact that Plaintiff—who does not dispute that she is a tester or suggest that the Court's inferences are false—has filed only 7 other similar suits rather than 100.  More importantly, the footnote was prefaced with an express statement that "the Court's analysis does not depend on Plaintiff's status as a tester." *Id*.  Thus, the factual misstatement had no impact on the Court's analysis and certainly does not provide a basis for reconsidering its ruling.

B.

Next, Plaintiff argues that the Court improperly considered the declaration of Zale's employee, Mark Limric, drew improper inferences from it, and erroneously treated Zale's motion as a factual challenge.  In her reply, Plaintiff goes even further and argues that the Court prohibited the parties from filing declarations and that Zale defied that order.

Plaintiff is mistaken, as a brief review of the case's history reveals.  At the continued scheduling conference on January 27, defense counsel stated that Zale intended to file a motion to dismiss for lack of Article III standing because there was no record of Plaintiff ever accessing Zale's website.  Dkt. No. 44 at 4:2–6, 19–20 (transcript).  Plaintiff's counsel responded that Plaintiff had informed counsel that she accessed the website on July 26.  *Id*. at 4:22–5:5.  The Court then asked defense counsel how Zale could prevail on a factual jurisdictional challenge if both sides presented competing declarations.  *Id*. at 6:6–23.  Defense counsel questioned the Court's assumption, stating, "I think you're assuming that what counsel is representing is what counsel's client is going to say under penalty of perjury[,] and that may not be the case." *Id*. at 6:24–7:2.  The Court then directed Plaintiff's counsel to "submit a declaration by no later than Monday morning" and for the parties then to "have a meet and confer and discuss whether there's a basis to file a 12(b)(1) on the record that you have." *Id*. at 7:16–8:2.

At the end of the conference, Plaintiff's counsel asked the Court to clarify whether the declaration to be provided the following Monday needed to be filed on the docket:

3

>[Counsel]: You indicated the exchange of a declaration on Monday. Was Your Honor contemplating a declaration from my client, exchange between the parties, or a filed declaration for Your honor?
>
>THE COURT: A declaration for purposes of submitting it solely to opposing counsel. I also intend this by the way to be a two-way street. So I expect, counsel, that you're going to be providing all of the information that you have by Monday as well to [Plaintiff's counsel]. So if you intend to submit a declaration which it sounds like you will, you should submit it to the other side. You may want to have a conversation obviously today about this to see whether you can reach some type of agreement as to what the facts are. I suspect not. And I suspect you're probably going to need to present declarations. But if that's what you're going to do, I expect the exchange to occur on Monday.

*Id*. at 13:24–14:16. Thus, the Court clarified that the declarations to be exchanged in connection with the meet and confer in advance of a Rule 12(b)(1) motion did not need to be filed, because their only purpose was to facilitate a conversation among counsel to determine whether a motion was necessary. The Court did not, as Plaintiff now suggests, preclude the filing of declarations if Zale filed its motion.

      The parties were unable to reach agreement, and Zale filed its motion to dismiss a week after the scheduling conference. Dkt. No. 28. In support of the motion, Zale filed the declaration of Mark Limric, who stated that he had searched all the archived chat transcripts from Zale's website for the date provided by Plaintiff's counsel (and the surrounding dates) and found no records of Plaintiff's name or email address. Dkt. No. 28-1. Plaintiff now argues that the Court should not have considered the Limric declaration or treated the motion to dismiss as a factual attack because the declaration merely *implies* that Plaintiff did not access Zale's website and does not actually contradict the allegations in the complaint.

      The out-of-circuit cases on which Plaintiff relies do not support her contention that the Court was precluded from considering the Limric declaration. To the contrary, they make clear that "district courts have broad discretion when determining how to consider challenges to subject matter jurisdiction," and the only limitation to that discretion they identify is that courts may not disregard "extrinsic evidence that contradicts the material allegations of the complaint." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441–42 (2d Cir. 2022); *see also*

*Cortlandt St. Recovery Corp. v. Hellas Telecomm., S.a.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015) ("In deciding a Rule 12(b)(1) motion, the court may also rely on evidence outside the complaint."). This is consistent with the Ninth Circuit law on which the Court relied in considering Zale's evidence. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.").

Zale's motion to dismiss based on the Limric declaration plainly constituted a factual jurisdictional challenge. *See Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) ("Appellees' motion to dismiss was a factual attack because it relied on extrinsic evidence and did not assert lack of subject matter jurisdiction solely on the basis of the pleadings."). And the context of the motion gave Plaintiff ample notice of the existence of a factual dispute and the need for Plaintiff to produce her own evidence in response. Just a week before the motion was filed, the Court discussed with the parties the prospect of a factual challenge in which the parties would present competing declarations, and Zale suggested that Plaintiff might be unwilling to submit a declaration under oath because she had not really visited the website. When Zale then filed its declaration in support of its motion to dismiss and Plaintiff neither objected to the declaration nor filed her own competing objection, the Court found for Zale on its factual challenge based on the record before the Court.[2] The Limric declaration at least circumstantially cast doubt—as Zale did at the scheduling conference—on Plaintiff's allegations that she engaged with the chat feature on Zale's website. And Plaintiff could have dispelled this doubt easily by producing her own declaration. Considering the context of the case and the record before the Court when it ruled on the motion, Plaintiff has not shown that the Court committed "manifest errors of law or fact"

---

[2] The Court noted in its dismissal order that Plaintiff's failure to file a declaration or other evidence that she engaged with Zale's chat feature was "particularly striking given the Court's discussion with the parties at the January 27, 2023 conference, when Defendant raised its belief that Plaintiff had never visited its website and the Court directed Plaintiff's counsel to produce a declaration by January 30 to support Plaintiff's contrary position." Dkt. No. 41 at 4 n.2. The Court did not make any finding that Plaintiff had violated the Court's order by failing to file a declaration; it merely observed that the prospect of Plaintiff filing a declaration to corroborate her allegations had been recently discussed, suggesting that Plaintiff's failure to produce supporting evidence was not inadvertent.

when it dismissed the case based on Zale's factual jurisdictional challenge. *Allstate*, 634 F.3d at 1111.

Plaintiff now attempts to reargue the factual challenge by producing her own declaration stating that she visited Zale's website on July 26, 2022, asked a few questions on the chat feature, and was not advised that the chat would be recorded, stored, or monitored. Dkt. No. 46-2. This evidence comes too late. Rule 59(e) permits a party to "present newly discovered or previously unavailable evidence," *Allstate*, 634 F.3d at 1111, but not to "present evidence for the first time [that] could reasonably have been raised earlier in the litigation," *Kona*, 229 F.3d at 890. Plaintiff plainly could have filed her declaration (which is dated January 27, 2022) when she opposed the motion to dismiss. The Court did not preclude her from doing so, as she suggests; to the contrary, the Court expressed its expectation that it would be faced with competing declarations. Plaintiff's motion to reconsider is not a proper vehicle for the Court to consider the evidence that Plaintiff neglected to produce in the first instance.[3] Accordingly, Plaintiff has not shown that the judgment should be vacated.

C.

Plaintiff also argues that the Court committed legal error when it held, in connection with Zale's facial challenge, that Plaintiff had not shown a concrete injury because she did not allege that she disclosed any private information or was otherwise harmed in any way. Plaintiff's argument largely parrots her briefing in opposition to dismissal, in violation of Local Rule 7-18. *See* L.R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."). Plaintiff also cites a published Ninth Circuit decision that could and should have been cited in her opposition but was not: *Campbell v. Facebook, Inc.*, 951 F.3d 1106 (9th Cir. 2020).

*Campbell* contains language that may be read as supporting Plaintiff's argument that a violation of CIPA, without more, is sufficient to establish an

---

[3] Aside from her own declaration, Plaintiff produces her counsel's correspondence with Zale on January 30, 2023 and an internet "screen scrape" obtained by counsel's office on August 3, 2022. Dkt. No. 46-1. This evidence was likewise available to Plaintiff when she filed her opposition on February 17, 2023, and it is not properly raised on a motion to reconsider or to alter or amend the judgment.

Article III injury. *Id*. at 1117 ("When . . . a statutory provision identifies a *substantive* right that is infringed any time it is violated, a plaintiff bringing a claim under that provision 'need not allege any further harm to have standing.' . . . [W]e conclude that [CIPA] protect[s] concrete interests because . . . it 'codif[ies] a context-specific extension of the *substantive* right to privacy.'" (citations omitted)); *id*. at 1117–18 ("Thus, historical practice provides support not only for the conclusion that wiretapping is actionable, but also for the conclusion that a wiretapping plaintiff need not allege any further harm to have standing." (cleaned up)). Other parts of the opinion, however, considered the nature of the specific harms alleged by the plaintiffs in that case. *Id*. at 1119 ("We thus conclude that Plaintiffs identified a concrete injury by claiming that Facebook violated . . . CIPA when it intercepted, catalogued, and used without consent URLs they had shared in private messages."). It is not clear whether the Ninth Circuit relied on the actual nature of these harms in reaching its holding, and such reliance might be in tension with its language suggesting that no further harm beyond a bare violation of CIPA is required for standing.

To the extent *Campbell* indicates that every technical violation of CIPA necessarily establishes a concrete injury regardless of the facts of the case, such a rule may not be consistent with the Supreme Court's subsequent instruction that "under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). But the Court need not decide whether *Campbell* states the absolute rule advanced by Plaintiff or whether such a rule survives *TransUnion*. See *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (holding that district courts and three-judge panels of the Ninth Circuit should not follow published Ninth Circuit decisions if the Supreme Court has subsequently "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable"). Because Plaintiff has not shown that dismissal based on Zale's factual challenge constituted manifest error of law or fact, it is immaterial whether Zale's facial challenge presented an independent basis for dismissal. Thus, even if Plaintiff's view of the law is correct, she has not shown a basis for vacating the judgment of dismissal.

D.

Finally, Plaintiff argues that the Court abused its discretion by not granting leave to amend. Plaintiff relies exclusively on two Ninth Circuit decisions from the habeas context, *Nunes v. Ashcroft*, 375 F.3d 805 (9th Cir. 2004), and *Bonin v.*

*Calderon*, 59 F.3d 815 (9th Cir. 1995).  Neither case (nor any other authority of which the Court is aware) suggests that courts should grant leave to amend a complaint after determining based on a factual jurisdictional challenge that the plaintiff lacks Article III standing.  Moreover, Plaintiff did not even request leave to amend in her opposition to the motion to dismiss.  Plaintiff has not shown that the Court manifestly erred by not sua sponte granting her leave to amend.

### III.

Plaintiff failed to present any evidence to rebut Zale's factual jurisdictional attack and now attempts to belatedly reargue the motion to dismiss based on evidence she could and should have presented earlier.  Because she has not shown that the Court erred in granting Zale's factual challenge and because any other errors do not undermine the dismissal, Plaintiff has not shown that the final judgment against her should be vacated.  Plaintiff's motion to reconsider is DENIED.

Date: May 18, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge